UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CYRUS KAR, *et al.*,

       Petitioners,

v.                                                                                                  No. 05-cv-____

GEORGE W. BUSH*, et al.*,

       Respondents.

**MOTION FOR AN ORDER TO SHOW CAUSE
WHY A WRIT OF HABEAS CORPUS SHOULD NOT ISSUE
AND
APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

1.      Pursuant to 28 U.S.C. §2243, Petitioners hereby move that this court issue an order directing the Respondents to show cause within three days why the writ of habeas corpus should not be granted.

2.      Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Petitioners apply for a Temporary Restraining Order:

(a) allowing counsel for Petitioners to immediately meet and confer with Cyrus Kar, in private and unmonitored attorney-client conversations;

(b) preventing further interrogations of Cyrus Kar while this litigation is pending, and

(c) directing the Respondents to allow Cyrus Kar to be present, in person or telephonically, at any and all hearings on the petition for a writ of habeas corpus.

3.      The federal habeas corpus statute, 28 U.S.C. § 2243, states: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or persons detained is not entitled thereto." The statute further provides that the order to show cause "shall be returned within three days, unless for good cause additional time, not exceeding twenty days is allowed." Under the statute, a hearing must be granted "not more than five days after the return unless for good cause additional time is allowed."

4. As described in the accompanying Petition, Cyrus Kar has been detained and imprisoned by the United States military for 50 days, notwithstanding statements to his family by representatives of the Federal Bureau of Investigation that the investigation of Kar has shown no basis for his continued detention. He has been detained without notice of the charges, without representation, and without any hearing whatsoever. Immediate relief from this Court is thus essential in the form of an order for the government to show cause within 72 hours as to why the writ of habeas corpus should not be granted.

5. Additionally, this Court should grant a Temporary Restraining Order allowing Kar's attorneys to meet with him immediately, halting further interrogation of Kar while this litigation is pending, and directing Respondents to make Cyrus Kar available by telephone or in person at any hearing on the petition for a writ of habeas corpus. This immediate action is essential to protect Kar's rights under the Fifth and Sixth Amendments to the United States Constitution.

Respectfully submitted,

*Mark D. Rosenbaum / APS*
Mark D. Rosenbaum
Ahilan T. Arulanantham
Ranjana Natarajan
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, California 90026
Tel: (213) 977-9500, x224

*[signature]*

Arthur B. Spitzer, D.C. Bar No. 235960
American Civil Liberties Union
   of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
Tel: (202) 457-0800

Steven R. Shapiro
Lucas Guttentag
Lee Gelernt
Ben Wizner
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
Tel: (212) 549-2500

Erwin Chemerinsky
Duke University School of Law
Science Drive & Towerview Road
Durham, North Carolina 27708
Tel: (919) 613-7173

Paul Hoffman,
Schonbrun, DeSimone, Seplow, Harris & Hoffman
723 Ocean Front Walk
Venice, California 90291
Tel: (310) 396-0731

Counsel for Petitioners

July 6, 2005